FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 06 2012
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In the Matter of Ella Card,

     An Incapacitated Person.[1]

------------------------------------------------------------x

**MEMORANDUM AND ORDER**

12-cv-114 (ENV) (VVP)

**VITALIANO, D.J.**

Ella Rubina Card, appearing pro se, is before this Court having noticed removal from Supreme Court, Kings County of a guardianship proceeding in which she is the alleged incompetent ("the state court proceeding"). Card also moves to proceed in forma pauperis, which the Court grants solely for the purpose of this threshold decision that the Court is without subject matter jurisdiction. The removed proceeding is remanded to Supreme Court and this case is dismissed.

### Background

According to the notice of removal, several of Card's children filed an application in state court in January 2011, requesting that a guardian be appointed to make certain decisions for her.

---

[1] Although Card filed a "Notice of Removal" and specifically requests that the state court proceeding be removed here, she styles her action with herself as the plaintiff and as having the following defendants: Betsy Barros, Judge at Kings County Supreme Court; Silvia Hinds-Radix, Administrative Judge for Civil Matter at the Kings County Supeme Courty; Lisa K. Friedeman, Esq., Court Evaluator for the Kings County Supreme Court and of the New York Law School Elder Law Clinic; Alexandra Schonfeld, Student Court Evaluator and of the New York Law School Elder Law Clinic; Christine Mooney, Esq., Attorney; Laura Negron Esq., Director of the Vera Institute and Temporary Guardian; Kermit Card; Raymond H. Card; Bonnie Bernstein, Esq., Attorney at Polizzotto and Polizzotto law firm and Attorney for Kermit and Raymond Card; Alfred Polizzoto, of Polizzotto and Polizzotto law firm; Kings County Supreme Court; The State of New York; The Vera Institute; Polizzotto and Polizzotto Law Firm; and The New York Law School. Because Card filed a notice of removal, the caption has been re-styled to reflect that of the proceeding removed from state court.



1

Supreme Court appointed a guardian after finding, in summary, that Card cannot recognize her inability to manage her own property. Card admits she received notice of the state court proceeding on March 21, 2011.

On January 3, 2012, Card sought to commence this action and filed a notice of removal, claiming that the state court proceeding became removable at some point after its filing because of "flagrant United States Constitution violations committed against her."[2] (Notice of Removal at 3.) More specifically, she claims her rights under the Fourteenth, Fifth, Sixth, and Seventh Amendments have been violated, in essence, by the prosecution of the guardianship proceeding in state court. Card alleges that the parties who committed these violations include, among others, the judge presiding over the state court proceeding, the presiding judge's administrative judge, Card's court-appointed attorney, Card's court-appointed guardian, other court officials, Card's sons, the State of New York, and attorneys representing various parties. Card asks this Court, inter alia, to remove the guardian appointed by Supreme Court, to dismiss the state court proceeding, to undo the results of various actions allegedly taken by her guardian, and to award her damages from various parties involved in the state court proceeding. (Notice of Removal at 22-26.)

## Discussion

Federal jurisdiction is available only when a federal question is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "[S]ubject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether

---

[2] In addition to the notice of removal, the Court has received and considered Card's letters and submissions of January 25 and 26, 2012.

2

subject matter jurisdiction exists, even in the absence of a challenge from any party." <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 514 (2006) (citing <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999). Where jurisdiction is lacking, "dismissal is mandatory." <u>Manway Constr. Co. Inc. v. Housing Authority of City of Hartford</u>, 711 F.2d 501, 503 (2d Cir. 1983) (citing Fed. R. Civ. P. 12 (h)). The fact that this Court is considering a notice of removal does not change matters or eliminate the obligation to dismiss where jurisdiction is wanting. <u>Morrison v. Seafarers Int'l Union of N. Am., AFL-CIO</u>, 954 F. Supp. 55, 56 (E.D.N.Y.1996) ("Where a case has been improperly removed and the Court has no subject matter jurisdiction, the Court must remand the case <u>sua sponte</u> to the state court where it originated.").[3]

Federal question jurisdiction does not exist here because the state court proceeding relates only to the appointment of a guardian and that guardian's ability to manage Card's property. See <u>In re Appointment of Smith</u>, No. 11-CV-2405, 2011 WL 2008512, at *2 (E.D.N.Y. May 20, 2011) ("The appointment of a guardian and the allocation of real property and assets by the appointed guardian do not raise federal questions."). Moreover, with respect to the removed proceeding, Card's offered bases for federal jurisdiction are merely potential defenses, dressed in constitutional trappings, and thus do not confer jurisdiction. <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393, 107 S.Ct. 2425 (1987) ("[A] case may not be removed to federal court on the basis of a federal defense.").[4] As a consequence of the absence of subject matter jurisdiction, the guardianship proceeding must be, and hereby is, remanded to state court.[5]

---

[3] In reviewing plaintiff's complaint, the Court is mindful that the submissions of a <u>pro se</u> litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest. See <u>Triestman v. Federal Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006).

[4] On face, diversity jurisdiction does not exist. Card concedes its absence. (Notice of Removal at 3.)

[5] Additionally, even if jurisdiction otherwise existed, the <u>Rooker-Feldman</u> doctrine would require a finding that subject matter jurisdiction is lacking because Card is essentially asking the

Alternatively, despite Card's very clear intent to remove the guardianship proceeding from Supreme Court, but very liberally construing her complaint as seeking to bring damage claims against those involved in that proceeding for alleged violations of her federal constitutional rights, Card arguably could, as her best case claim, seek to advance a cause of action under 42 U.S.C. § 1983 to vindicate her rights. But, § 1983 claims must be brought against defendants who act under color of state law. Zherka v. DiFiore, 412 Fed. App'x. 345, 347 (2nd Cir. 2011). There are, among the many named, a few potentially-covered state actors identified in Card's complaint. All of them, however, are either judicial officers or judicial officials, for example, the guardian. As such, all are entitled to absolute immunity. See Dowlah v. Dowlah, 2010 WL 889292, at *6-7 (E.D.N.Y. March 10, 2010). Given the jurisdictional futility of any such claims, as opposed to the substantive merit of such claims, the Court will not retain jurisdiction of the complaint. With amendment futile, leave to amend need not be granted. See Hassan v. U.S. Dep't of Veteran Affairs, 137 F. App'x 418, 420 (2d Cir. 2005) ("While pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile."); see also Lerner v. Drager, 2011 WL 1682348, at *6 (S.D.N.Y. April 18, 2011) (denying leave to amend because, inter alia, judicial immunity would make amendments futile).

Lastly, the Court is mindful of the recent, Second Circuit holding explaining that a

---

Court to review an adverse state court judgment appointing a guardian made before she filed her notice of removal. See Cluskey v. New York State Unified Court System, 442 Fed. App'x. 586 (2nd Cir. 2011) (explaining that under the Rooker-Feldman doctrine, "the Lower federal courts lack subject matter jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments'" (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517 (2005))); Citibank, N.A. v. Swiatkoski, 395 F. Supp.2d 5, 10 (E.D.N.Y. 2005) (applying the Rooker-Feldman doctrine to find a removed action must be remanded to state court).

"court may not determine on its merits the claim of an incompetent person who is not properly represented." James v. New York, 415 Fed. App'x. 295, 296 (2nd Cir. 2011) (citing Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009)). A ruling on subject matter jurisdiction, of course, is not a ruling "on the merits." Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2nd Cir. 1996); Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 299 (2nd Cir. 2000). James, therefore, is inapposite here.

## Conclusion

For the forgoing reasons, the state court guardianship proceeding which is the object of the removal notice is hereby remanded to Supreme Court, Kings County. The complaint, for all other purposes, is dismissed without prejudice for want of jurisdiction.

The Clerk of Court is directed to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   Brooklyn, New York
         February 2, 2012

ERIC N. VITALIANO
United States District Judge